IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SAUL MARTINEZ, et al.,

Plaintiffs,

v.                                    No. 16-1207-DRH

DEUTSCHE BANK AG, et al.,

Defendants.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### Introduction and Background

Now before the Court is defendants' motion to transfer (Docs. 30, 31, 71, 72 & 80).[1] Specifically, defendants move to transfer this case the Eastern District of New York pursuant to 28 U.S.C. § 1406(a) based improper venue and that the alleged conduct that took place in the United States occurred entirely in New York. Alternatively, defendants move to transfer the case pursuant to 28 U.S.C. § 1404(a) to the Eastern District of New York. In support of transfer, defendants contend that this action is a very similar to another action filed in the Eastern District of New York in 2014 against six of the seven moving defendants and is currently pending there. See *Freeman v. HSBC Holdings PLC, et al.* 14-CV-06601 (DLI/CLP). Plaintiffs oppose the motion (Doc. 76). Plaintiffs contend that venue

---

1 The moving defendants are Deutsche Bank AG ("Deutsche Bank"); HSBC Bank USA, N.A., ("HSBC Bank USA"); HSBC North America Holdings, Inc., ("HSBC North America"); HSBC Holdings plc ("HSBC Holdings"); HSBC Bank plc ("HBEU"); Barclays Bank PLC ("Barclays"); Standard Charter Bank ("SCB"); The Royal Bank of Scotland N.V. ("RBS N.V."); Commerzbank AG ("Commerzbank"); and Credit Suisse AG ("Credit Suisse").

Page **1** of **13**

is proper in the Southern District of Illinois; that the Southern District of Illinois is more convenient than the Eastern District of New York and that if the Court finds that transfer is appropriate the Court should transfer the case to the Northern District of Illinois. Based on the record and the applicable law, the Court grants defendants' alternative motion to transfer and pursuant to 28 U.S.C. §1404(a), the Court transfers this matter to the United States District Court for the Eastern District of New York.

On November 2, 2016, plaintiffs, pursuant to 18 U.S.C. § 2333(a), filed suit against Deutsche Bank AG, HSBC Holdings PLC, HSBC Bank PLC, HSBC Bank Middle East Limited, HSBC Bank USA, N.A., Barclays Bank PLC, Standard Chartered Bank, Royal Bank of Scottland, N.V., Credit Suisse AG, Bank Sanderat PLC, COMMERZBANK AG and John Does 1-50 as a civil action brought by citizens of the United States and/or their estates, survivors, or heirs, who have been injured by acts of "international terrorism," as such term is defined in 18 U.S.C. § 2331(1) (Doc. 1). Plaintiffs seek "treble damages against six Western international banks (Defendants) who knowingly supported the nation of Iran and its banking agents (including Defendant Bank Saderat Plc, Bank Melli Iran, the Central Bank of Iran ("CBI"), Bank Mellat, Bank Tejarat, Bank Refah, and Bank Sepah), by evading U.S. economic sanctions, conducting illicit trade-finance transactions, and disguising financial payments to and from U.S. dollar dominated accounts." (Doc. 1, ¶ 1). Plaintiffs allege that "each Defendant knew, or was deliberately indifferent to the fact, that Iran was thus able to provide material support and resources to

designated foreign terrorist organizations which engaged in terrorist activity in violation of 18 U.S.C. § 2339B(a)(1); and knowing or having reasonable cause to know that a country (Iran) is supporting 'international terrorism,' engaged in financial transactions with that country in violation of 18 U.S.C. § 2332d. Plaintiffs will show that each Defendant's specific aims and objectives was keeping U.S. depository institutions, law enforcement and counter-terrorism agencies blind to Iran's movement of U.S. dollars through the international financial system." (Doc. 1, ¶ 2). Plaintiffs bring claims against each defendants for committing acts of international terrorism in violation of 18 U.S.C. § 2339b and 18 U.S.C. § 2333(a) (Count I) and for conspiracy to commit acts of international terrorism in violation of 18 U.S.C. § 2339B and 18 U.S.C. § 2332(a) (Count II). Additionally, plaintiffs bring claims for acts of international terrorism in HSBC defendants' violations of 18 U.S.C. § 2332d (financial transactions) (Count III), acts of international terrorism by defendants' Standard Chartered Bank, Royal Bank of Scotland N.V. and Commerzbank for violations of 18 U.S.C. § 2332d (Count IV), civil liability against Commerzbank AG under 18 U.S.C. § 2333(a) for violations of 18 U.S.C. § 2339B constituting acts of international terrorism (IRISL) (Count V), civil liability against Commerzbank AG under 18 U.S.C. § 2333(a) for violations of 18 U.S.C. § 2339B constituting acts of international terrorism (Orphans Project Lebanon E.V.), and civil liability against Standard Chartered Bank under 18 U.S.C. § 2333(a) for violations of 18 U.S.C. § 2339B constituting acts of international terrorism (Count VII).

Initially, this case was assigned to District Judge Nancy J. Rosenstengel. On November 4, 2016, Judge Rosenstengel recused from the case and the case randomly was assigned to Senior District Judge J. Phil Gilbert for disposition (Doc. 7). On November 22, 2016, Judge Gilbert transferred the case to the Clerk of the Court and the Clerk of the Court randomly reassigned to the undersigned for disposition (Doc. 9).

On January 12, 2017, defendants Deutsche Bank AG, HSBC Bank USA, N.A., Barclays Bank PLC, Standard Chartered Bank, The Royal Bank of Scotland N.V., Commerzbank AG and Credit Suisse AG moved to transfer this action to the Eastern District of New York under 28 U.S.C. § 1406(a) or, in the alternative, 28 U.S.C. § 1404(a) (Docs. 30 & 31). Thereafter on January 23, 2017, plaintiffs filed an amended complaint (Doc. 45). That same day, the Court struck the amended complaint for Local Rule 15.1 violations and allowed plaintiffs up to and including January 30, 2017 to file an amended complaint (Doc. 46). Plaintiffs quickly refiled the amended complaint (Doc. 47).[2] On January 26, 2017, the Court granted plaintiffs' consent motion to file a response to the motion to transfer and allowed plaintiffs up to and including February 10, 2017 to respond (Doc. 54). On February 8, 2017, the Court granted defendants' motion of consent for leave to file supplement to motion to transfer and for extension of time to plead (Doc. 67). The Court allowed defendants up to and including February 17, 2107 to file the supplement, plaintiffs up to and including March 17, 2017 to file a response and

---

2 Plaintiffs added more named plaintiffs and allegations.

defendants up to and including March 31, 2017 to file a reply. Defendants filed the supplement on February 17, 2107 (Docs. 71 & 72), plaintiffs filed their response on March 17, 2017 (Doc. 76) and defendants filed their reply on March 31, 2017 (Doc. 80). As the motion to transfer is ripe, the Court addresses the motion.

## Analysis

First, defendants argue that venue is not proper in the Southern District of Illinois and that transfer to the Eastern District of New York is warranted under 28 U.S.C. § 1406(a). Plaintiffs oppose the motion contending that venue is proper in the Southern District of Illinois. The venue statute in 18 U.S.C. § 2334(a) states:

> Any civil action under 2333 of this title against any person maybe instituted in the district court of the United States for any district where any plaintiff resides or where any defendant resides or is served, or has an agent. Process in such a civil action may be served in any district where the defendant resides, is found or has an agent.

Thus, to satisfy the ATA's venue requirements, an action must be filed in a district "where any plaintiff resides," or in any district where "any defendant resides or is served, or has an agent." 18 U.S.C. § 2334(a). The parties agree that definition of residency in 28 U.S.C. § 1391 governs. 28 U.S.C. § 1391(c) provides in part:

> (c) **Residency.-** For all venue purposes-
> (2) an entity with the capacity to be sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the

judicial district in which it maintains its principal place of business; and

  (3) a defendant not resident in the United States may be sued in any judicial district, and the joined of such a defendant shall be disregarded in determining where the action may be brought with respect to the other defendants.

28 U.S.C. § 1391(c)(2) and (c)(3). Further, 28 U.S.C. § 1391(d) provides:

(d) **Residency of corporations in States with multiple districts.-** For purpose of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation is deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1406(a) provides:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

A court has the power to transfer a case to an appropriate venue pursuant to 28 U.S.C. § 1406(a), notwithstanding that it has no personal jurisdiction over the defendants. *See Hapaniewski v. City of chicago Heights*, 883 F.2d 576, 579 (7th Cir. 1989) ("[P]ersonal jurisdiction over the defendant is not a prerequisite for district courts to utilize the transfer provision in § 1406(a).") (citations omitted). "Transfer is ordinarily in the interest of justice because dismissal of an action that could be brought elsewhere is 'time consuming' and may be 'justice-defeating.'" *Goldlawr, Inc., v. Heiman*, 369 U.S. 463, 467 (1962)). "Generally, courts prefer

transferring a case to a jurisdiction where venue is proper as opposed to dismissing it … Transfer further avoids the 'time consuming and justice-defeating technicalities' required to refile a case in a proper venue." *Id*. at 467.

Even if venue is proper in Illinois, defendants alternatively contend that the case should be transferred to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a). 28 U.S.C. § 1404(a) provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

This section "allow[s] a district court to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010). Transfer is proper under 1404(a), if "(1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice." *Id*. at 977-78. This discretion is left primarily to the district court's sound discretion. *Id.*

Courts typically determine motions that challenge venue by first deciding whether venue is proper in the district where the case was filed given the distinction between § 1404 and § 1406. That determination is unnecessary here. As more fully explained below, if venue were proper in this district, the Court would transfer the case to the Eastern District of New York under § 1404(a); and if venue were improper, the Court would do the same under §1406(a). As the result is transfer

under both provisions, the Court need not decide which applies.

As discussed, a case may be transferred under § 1404(a) if venue is proper in both the transferor and transferee courts, transfer is for the convenience of the parties and witnesses, and transfer is in the interest of justice. Courts are to view these factors "in light of all the circumstances of the case." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). The movant has the burden of showing, "by reference to particular circumstances, that the transferee forum is clearly more convenient." *Id*. at 219-20.

All three factors favor transfer to the Eastern District of New York. With respect to venue in the transferor court, the Court assumes, without deciding, that venue is proper in this judicial district, for the purpose of § 1404(a) analysis.

With respect to the transferee venue, six of the seven moving defendants maintain their principal United States offices in New York and either reside or maintain agents in or are located just a few miles from the Eastern District of New York. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 905 (7th Cir. 1999)(affirming venue of corporate defendant's principal place of business). In fact, plaintiffs do not contest/refute that venue is proper in the Eastern District of New York. Instead plaintiffs argue that the Southern District of Illinois and, alternatively, that the Northern District of Illinois (where at least three named plaintiffs reside) are far more convenient for the great majority of plaintiffs that reside throughout the United States. Therefore, the Court concludes that venue is proper in the Eastern District of New York.

Having determined that venue is proper in the Eastern District of New York, the Court now turns to the convenience of the parties and the witnesses. "The weighing factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." Coffey, 796 F.2d at 219. To evaluate convenience, "courts generally consider the availability of and access to the witnesses, and each party's access to and distance from resources in each forum." *Research Automation, Inc.*, 626 F.3d at 978. "Other related factors include the location of the material events[,][] the relative ease of access to sources of proof," *id.*, and the plaintiff's choice of forum. Based on the record and the circumstances of the case, the Court finds that it would serve the convenience of the parties and the witnesses to transfer of the case to the Eastern District of New York.

The plaintiff's choice of forum typically is accorded significant weight, *In re Nat'l Presto Indus., Inc.* 347 F.3d 662, 664 (7th Cir. 2003), unless none of the relevant conduct occurred in that forum, *Chicago, Rock Island & Pac. R.R. Co v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955). Here, *none* of the alleged relevant conduct specifically occurred in the Southern District of Illinois. Further, none of the named plaintiffs are located in the Southern District of Illinois. While three of the named plaintiffs do live in Illinois, none of the named plaintiffs reside in the Southern District of Illinois. Plaintiffs admit that "[p]laintiffs' decedent, Eric Lill, was a citizen of Illinois and domiciled in Cook County, Illinois when he was killed in 2007… He considered his home on South Canal Street [Chicago, Illinois] (which

his family still owns)." According to plaintiffs, the named plaintiffs bringing claims based on Lill's death are citizens of either Illinois or Tennessee. In fact, the allegations in the amended complaint and in the memorandum in opposition reveal that plaintiff Skye Otero, Lill's widow, plaintiff C.L., a minor and son of Lill, and plaintiff M.L., a minor and daughter of Lill, do not reside in the Southern District of Illinois but rather reside in the Northern District of Illinois as Chicago, Illinois is within that judicial district.[3] See Doc. 47, ¶¶ 432 – 434 & Doc. 76, p. 13, Exhibits 8 and 9. Thus, the Court accords little weight to plaintiffs' forum choice. Plaintiffs' decision to file suit in the Southern District of Illinois carries little significance for the purpose of evaluating convenience.

With respect to the location of material events, the Eastern District of New York appears to be more convenient than the Southern District of Illinois. Most importantly, this case is very similar to the *Freeman* case that is pending in the Eastern District of New York. With the exception of Deutsche Bank, which is not a named defendant in *Freeman*, both this case and *Freeman* contain almost the same defendants and the same allegations. In fact the cases are so similar that the original complaint contained references to the state of New York's long arm-statute and contained nearly identical allegations as *Freeman* (although the complaints did state different claims of relief). While the amended complaint in the case at bar added new allegations and added new plaintiffs, the allegations that were

---

3 Lill's father, Anthony Lill, Lill's mother, Charmaine Lill, and Kortne Jones, Lill's sister, also bring claims as a result of Lill's death and are domiciled in the State of Tennessee. (Doc. 47, ¶¶ 435-437).

similar/identical to *Freeman* are still contained in the amended complaint. Clearly, defendants are litigating a nearly identical suit in the Eastern District of New York and this heavily weighs in favor of transfer.[4]

Even though plaintiffs cannot dispute and do not dispute that this and *Freeman* are basically identical, plaintiffs maintain that Southern District of Illinois is more convenient because another similar case, *Shaffer v. Deutsche Bank AG*, 16-00497-MJR is pending in this judicial district. The Court rejects plaintiffs' arguments on this issue and agrees with defendants that the cases are distinguishable. First, the Court notes that *Shaffer* involves plaintiffs that reside in the Southern District of Illinois; that Deutsche Bank is the *only* named defendant in that case and that *Shaffer* involves different attacks and victims as this action and *Freeman*.[5] The Court notes that none of the parties in either *Shaffer* or in this case has moved to consolidate/transfer the two cases. Thus, the Court finds that these cases are separate and distinct.

As to relative ease of access to sources of proof, plaintiffs concede that many discoverable documents will likely be found in New York. Despite this concession, plaintiffs argue that the Southern District of Illinois is far more convenient as their case contains more than 100 plaintiffs who are citizens of more than 26 different states, Puerto Rico and Guam and, thus, the plaintiffs reside closer to the Southern

---

4 Based on the stages of litigation in these cases, the Court finds that District Judge Dora L. Irizarry of the Eastern District of New York would be familiar with the law and the facts of these related cases.
5 *Shaffer* involves a February 1, 2008 attack in Mosul and a May 16, 2009 attack in Basra.

District of Illinois.   The Court rejects this argument.

Moreover, as noted by the Seventh Circuit the ease of access to the sources of proof, easy air transportation, the rapid transmission of documents and the abundance of law firms with nationwide practices, make it easy for cases to be litigated with little extra burden in any of the major metropolitan areas.  *Board of Trustees, Sheet Metal Workers National Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000).   Thus, this portion of the analysis as to convenience of the parties and witnesses is neutral.

The interest of justice factor clearly favor transfer of the case at bar.  The Eastern District of New York has an undeniably stronger relationship to the controversy.  Foremost, the conduct that allegedly gives rise to the plaintiffs' cause of action is almost identical to the alleged conduct at issue in the *Freeman* case. District Judge Irizarry is familiar with the facts and the law of the case and would be familiar with the facts and the law of this case as well.  Further, the moving defendants have their U.S. principal places of business there.  The Court finds that it is reasonable to look to where decisions were made and to where the decision makers may be found.  Therefore, the interest of justice component squarely favors transfer to the Eastern District of New York.

For the foregoing reasons, the Court concludes that transferring the action to the Eastern District of New York is appropriate.  Venue is proper there, and the convenience and the interest of justice factors weigh in favor of transfer.

## Conclusion

Accordingly, the Court **GRANTS in part** and **DENIES in part** the motion to transfer (Doc. 30). The Court **DENIES** the motion to transfer pursuant to 28 U.S.C. § 1406(a). However, the Court **GRANTS** the motion to transfer pursuant to 28 U.S.C. § 1404(a). Pursuant to 28 U.S.C. § 1404(a), the Court **TRANSFERS** this matter to the District Court for the Eastern District of New York.

**IT IS SO ORDERED.**

Signed this 12th day of April, 2017.

Judge Herndon
2017.04.12
11:51:09 -05'00'

**United States District Judge**